FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC 16 AM 11:44

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

MICHAEL C. WORSHAM             *
                               *
        Plaintiff              *
                               *
    v.                         *      Case #: 1:14-cv-2749-CCB
                               *
TRAVEL OPTIONS, INC., et al.   *
                               *
        Defendants             *
*   *   *   *   *   *   *   *   *   *   *   *

FILED _____ ENTERED
LODGED _____ RECEIVED

OCT 15 2014

## MOTION TO RECUSE AND DISQUALIFY JUDGE

Plaintiff moves to recuse and disqualify Judge Catherine C. Blake immediately from presiding over or having anything to do with this case, and says as follows:

**1.  January 9, 2014 disciplinary hearing in MISC Case #13-mc-00401**

On January 9, 2014 Judge Blake chaired a 3 Judge panel in a disciplinary hearing concerning Plaintiff, who was then admitted to practice in this Court. The hearing arose because of a ruling of the U.S. Tax Court involving Plaintiff.

Judge Blake is a former prosecutor, having been an Assistant U.S. Attorney or the U.S. Attorney for the District of Maryland for over 10 years, from 1977 to 1987, according to her official federal court biography.

During the January 9, 2014 hearing, Judge Blake did all or virtually all of the questioning. One question in particular showed her particularized bias against the argument that Plaintiff was making that the IRS administration of U.S. tax laws is unconstitutional, at least as applied to him.

Plaintiff had pointed out in a brief leading to the hearing that the federal appellate courts are very widely split about whether the federal income tax is a direct tax or indirect tax, including that the Second Circuit is internally split, with one circuit panel holding it is a direct tax, and another that it is an indirect tax. Judge Blake asked Plaintiff whether he thought the Second Circuit would rule a certain way. While it is a stupid question to ask someone to predict what an appellate court might rule on an issue, much less an issue which that court is already on record as being very split over, what Judge Blake clearly and really wanted in her questioning (framed in words close to "Don't you think the Second Circuit would rule . . . ?") was for Plaintiff to answer in a way that would make his position or conduct improper or subject to discipline (or more arguably so) and importantly, in a way that conformed to her pre-existing and long-held positions about U.S. tax law generated from over

Read, considered, Denied.
CCB
USDJ
12/15/14