UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM | * | |
| Plaintiff | * | FILED NOV 30 2015 |
| v. | * | CLERK U.S. DISTRICT COURT DISTRICT OF MARYLAND |
| | | Case #: 1:14-cv-2749-CCB     DEPUTY |
| TRAVEL OPTIONS, INC., et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * *

### PLAINTIFF WORSHAM'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Michael C. Worsham responds to the November 18, 2015 Order that he show good cause within 14 days why the case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) and Local Rule 103.8.b.  Worsham has been waiting for a year for the Court to schedule this case for a jury trial against the two defendants who are in default, and the show cause Order should not have been issued.

### RESPONSE

Both Defendants, Travel Options, Inc., and Clifford Shannon, have been in default since Orders of Default were entered on November 17, 2014.  Defendants have not filed a motion to vacate these default Orders, or responded or filed anything in the case, including any motion to reconsider within 14 days under the Federal Rules of Civil Procedure (FRCP) or Local Rule 105.10.  The case has thus been ready to schedule for trial since December 2, 2014, about a year ago.

Worsham has been waiting for a year for the Court to issue a Pretrial Order or otherwise schedule a jury trial for his statutory damages claims, and also a trial or hearing to determine his request for injunctive relief.  Both claims, for damages and injunctive relief, were brought under the federal TCPA, 47 U.S.C. §§ 227(b)(3) and (c)(5).

The Complaint (at p. 9) requests a jury trial for all matters triable by a jury.  Claims for statutory damages under the federal TCPA are triable by a jury pursuant to the Seventh Amendment to the U.S. Constitution.  *Curtis v. Loether*, 415 U.S. 189, 194 (1974) ("The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law."), *Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974).

The TCPA creates enforceable legal rights and remedies in federal courts for violations of the TCPA or related FCC regulations via this language:

**(3)   Private right of action**

A person or entity may . . . bring in an appropriate court of that State -

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such a violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3), *Mims v. Arrow Financial Services, LLC*, 565 U.S. − , 132 S. Ct. 740, 749 (2012) ("Nothing in §227(b)(3)'s permissive language makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their §1331 jurisdiction.  The provision does not state that a private plaintiff may bring a TCPA action 'only' or 'exclusively' in state court.").

Worsham's statutory damages claims under the Maryland TCPA are likely also subject to his jury trial demand, since they are dependent upon proving the same violations as he must prove for his federal TCPA claims. The injunctive relief sought by Worsham under 47 U.S.C. § 227(b)(3) may possibly not be determined by a jury, but by the Court.  Thus Worsham is due a jury trial on his federal TCPA damages claims, a bench or jury trial on his Maryland TCPA claims, and a bench trial or hearing on his request for injunctive relief under the federal TCPA (*see* Complaint at ¶¶ 64-65).

Courts must honor a jury trial demand. FRCP 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution - or as provided by federal statute - is preserved to the parties inviolate."), FRCP 39(a) "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action."). It is up to each federal court to schedule cases for trial. FRCP 40.

Worsham is also still waiting for Judge Blake to recuse herself from any further involvement in this case.  Over a year ago Worsham filed a Complaint of Judicial Misconduct against Judge Blake. This adds to the reasons Judge Blake should not be presiding over this case, including

2

strangely denying Worsham from filing electronically, since this has added to Judge Blake's bias against Worsham. Her failure to do schedule this for a jury trial or to do anything in this case for a year since the formal Complaint against her was filed has prejudiced Worsham by an unnecessary delay.

For Judge Blake to base the delay which she herself is responsible for by remaining as the judge in this case, as a purported basis to attempt to dismiss this case and Worsham's constitutional jury trial right, further demonstrates that she should not hear the case. The almost one year delay and recent show cause Order demonstrate precisely the type of bias against Worsham which Worsham feared would or could result from her failure to disqualify herself, and from a Judge upset and biased about having a formal misconduct Complaint filed against herself.

This case should be set for a jury trial, not dismissed, and Judge Blake should recuse herself from this case.

Respectfully submitted,

*/s/ Michael C. Worsham*

Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050
410-692-2749
*Plaintiff*

### CERTIFICATE OF SERVICE

On November 28, 2015 I served a copy of this document on: Travel Options, Inc. and Clifford Shannon, 517 NE 11th Ave., Pompano Beach, FL 33060.

*/s/ Michael C. Worsham*

Michael C. Worsham

Case 1:14-cv-02749-JKB   Document 13   Filed 11/30/15   Page 4 of 4

Mr. Michael C. Worsham
1916 Cosner Rd
Forest Hill, MD 21050-2210

BALTIMORE MD 212

28 NOV 2015 PM 6 L



FILED ___ ENTERED
LODGED ___ RECEIVED

Clerk
U.S. District Court for the District of Maryland
Baltimore Division
101 W. Lombard Street
Baltimore, MD 21201

NOV 30 2015

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

cv9

21201262915